IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
ADELA HERNANDEZ on behalf of herself and :
on behalf of her minor children WALDEMAR :
VELAZQUEZ, MELISSA M. SANCHEZ, and : CIVIL ACTION
JOSE J. SANCHEZ, :
: No. 06-_____
Plaintiffs, :
: JURY TRIAL DEMANDED
v. :
:
UNITED STATES OF AMERICA; TONY :
LEUNG; GREG MARINO; JONATHAN :
PITO; and LEON SCULLY, :
:
:
Defendants. :
_____ :

**COMPLAINT**

**I.  PRELIMINARY STATEMENT**

1. This is an action brought under the Federal Tort Claims Act and the United States Constitution related to the defendants' unlawful arrest of plaintiffs Adela Hernandez and Waldemar Velazquez, the defendants' use of unreasonable force in effecting the arrest of plaintiffs Adela Hernandez and Waldemar Velazquez, the defendants' malicious prosecution of plaintiff Adela Hernandez on false criminal charges, and the defendants' negligent infliction of emotional distress on plaintiffs Waldemar Velazquez, Melissa M. Sanchez, and Jose J. Sanchez.

**II.  JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this Complaint under the Fourth and Fifth Amendments to the United States Constitution and 28 U.S.C. §§ 1331 & 1346(b).

3. On December 13, 2006, Administrative Tort Claims were submitted by all plaintiffs to U.S. Customs and Border Protection, Department of Homeland Security. Plaintiffs will seek leave of Court to amend the Complaint upon the completion of the administrative review process.

4. Venue is properly with this District under 28 U.S.C. § 1402(b) as the acts that are the subject of this Complaint occurred within the District, in Philadelphia, Pennsylvania.

### III.  PARTIES

5. Plaintiff Adela Hernandez, who is 31-years-old, was at the time of the incidents giving rise to this Complaint a resident of Providence, Rhode Island. Plaintiff Adela Hernandez is currently a resident of Bayamon, Puerto Rico. She brings this action on behalf of herself and on behalf of her three minor children identified below.

6. Plaintiff Waldemar Velazquez, who is 15-years-old, is the son of plaintiff Adela Hernandez and was at the time of the incidents giving rise to this Complaint a resident of Providence, Rhode Island. Plaintiff Waldemar Velazquez is currently a resident of Bayamon, Puerto Rico.

7. Plaintiff Melissa M. Sanchez, who is 14-years-old, is the daughter of plaintiff Adela Hernandez and was at the time of the incidents giving rise to this Complaint a resident of Providence, Rhode Island. Plaintiff Melissa M. Sanchez is currently a resident of Bayamon, Puerto Rico.

8. Plaintiff Jose J. Sanchez, who is 11-years-old, is the son of plaintiff Adela Hernandez and was at the time of the incidents giving rise to this Complaint a resident of Providence, Rhode Island. Plaintiff Jose J. Sanchez is currently a resident of Bayamon, Puerto Rico.

9. Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

10. Defendant Tony Leung was at all times relevant to this Complaint an officer employed by the U.S. Customs and Border Protection service of the Department of Homeland Security ("CBP") and stationed at the Philadelphia International Airport. He is sued in his individual capacity.

11. Defendant Greg Marino was at all times relevant to this Complaint an officer employed by CBP and stationed at the Philadelphia International Airport. He is sued in his individual capacity.

12. Defendant Jonathan Pito was at all times relevant to this Complaint an officer employed by CBP and stationed at the Philadelphia International Airport. He is sued in his individual capacity.

13. Defendant Leon Scully was at all times relevant to this Complaint an officer employed by CBP and stationed at the Philadelphia International Airport. He is sued in his individual capacity.

14. At all times relevant to this Complaint, defendants Leung, Marino, Pito, and Scully were acting within the scope and course of their employment with CBP.

15. At all times relevant to this Complaint, defendants Leung, Marino, Pito, and Scully were acting as investigative or law enforcement officers.

## IV.  FACTUAL ALLEGATIONS

16. On December 29, 2004, plaintiff Adela Hernandez and her family, including her children, plaintiffs Waldemar Velazquez, Melissa M. Sanchez, and Jose J. Sanchez, her husband, her brother, her two nieces, and her youngest child were returning to the United States from a holiday vacation in the Dominican Republic.

17. Plaintiffs and their family members entered the United States on a flight from the Dominican Republic that landed at the international terminal of the Philadelphia International Airport, where plaintiffs and their family members intended to board a connecting flight to Providence, Rhode Island.

18. Upon arrival at the Philadelphia International Airport, plaintiffs and their family members proceeded to the passport inspection area staffed by CBP officers.

19. Plaintiffs, who were all born in Puerto Rico and are thus United States citizens, were admitted to the United States and permitted to proceed to the baggage collection area of the terminal.

20. Plaintiff Adela Hernandez's husband, Jose Sanchez, who is a citizen of the Dominican Republic and lawful permanent resident of the United States, was stopped at passport inspection, detained, and directed to a secondary inspection area.

21. While detained in the secondary inspection area, Mr. Sanchez was interviewed by defendant Marino, who informed Mr. Sanchez that, as a result of an alleged conviction, Mr. Sanchez could not be admitted to the country and would be removed to the Dominican Republic.

22. Mr. Sanchez asked defendant Marino to inform plaintiff Adela Hernandez that he had been detained.  Defendant Marino then located plaintiff Adela Hernandez in the baggage claim area of the terminal and escorted her to the secondary inspection area.

23. In the secondary inspection area, defendant Marino told plaintiff Adela Hernandez that Mr. Sanchez could not be admitted to the United States and that he would be removed to the Dominican Republic.

24. Plaintiff Adela Hernandez protested that this was a misunderstanding, told defendant Marino that she wished to contact an attorney, and removed her cell phone from her belt clip.

25. Defendant Marino informed plaintiff Adela Hernandez that, under airport rules, she was not permitted to use her cell phone in the secondary inspection area.

26. Plaintiff Adela Hernandez then walked out of the secondary inspection area intending to go to an area of the airport where she could make a cell phone call to an attorney.

27. Plaintiff Adela Hernandez walked into the baggage claim area and was followed by defendants Marino, Pito, and Scully. Defendant Marino yelled to plaintiff Adela Hernandez as he followed her that she should give him the cell phone.

28. As plaintiff Adela Hernandez walked through the baggage claim area, she saw her brother, Edgar Hernandez. When she reached her brother, she handed him the cell phone.

29. Immediately after plaintiff Adela Hernandez handed Edgar Hernandez the cell phone, defendants Scully and Pito violently grabbed her arms, threw her to the floor, and placed her in a "prone" position, with her face and abdomen against the floor. Defendants Scully and Pito sat on plaintiff Adela Hernandez's back and legs, handcuffed her, and placed her under arrest and detained her.

30. Defendant Leung, who was stationed in the area where plaintiff Adela Hernandez was arrested, and defendant Marino took no action to prevent their fellow CBP officers from

5

placing plaintiff Adela Hernandez under arrest and violated their duty of care to plaintiff Adela Hernandez.

31.     Plaintiffs Waldemar Velazquez, Melissa M. Sanchez, and Jose J. Sanchez were in the baggage claim area in close proximity to the location where plaintiff Adela Hernandez was thrown to the floor, arrested, and detained, and plaintiffs Waldemar Velazquez, Melissa M. Sanchez, and Jose J. Sanchez observed these events.

32.     Shortly after plaintiff Adela Hernandez was placed under arrest, defendant Marino placed Edgar Hernandez under arrest.

33.     Shortly after plaintiff Adela Hernandez was placed under arrest, defendants Leung, Marino, Pito, Scully and/or other employees of CBP placed tight handcuffs on Waldemar Velazquez, arrested him, and detained him.  Thereafter, plaintiff Waldemar Velazquez was released from defendants' custody after and was not charged with any crime.

34.     Plaintiff Adela Hernandez committed no crime to justify her arrest.  The use of cell phones in the international terminal is not a crime, and, in any event, plaintiff Adela Hernandez did not at any time attempt to place a call on her cell phone.

35.     Plaintiff Waldemar Velazquez committed no crime to justify his arrest.

36.     The arrests and detention of plaintiffs Adela Hernandez and Waldemar Velazquez were undertaken without sufficient legal cause, for impermissible purposes, with an unreasonable and excessive use of force, and in violation of the duty of care owed to plaintiffs Adela Hernandez and Waldemar Velazquez by defendants Leung, Marino, Pito, Scully and/or other employees of CBP.

37.     After the arrest of plaintiff Adela Hernandez and her brother, Edgar Hernandez, defendants Leung, Marino, Pito, and Scully falsely and maliciously accused Edgar Hernandez of

having pushed defendant Marino and falsely and maliciously accused plaintiff Adela Hernandez of assaulting defendant Marino by jumping onto defendant Marino's back and placing her arms around his neck.

38.     As a result of the defendants' false and malicious accusations, plaintiff Adela Hernandez was charged with committing the crime of assaulting a federal officer in violation of 18 U.S.C. §111.

39.     Plaintiff Adela Hernandez was required to pay bail to secure her release from custody.

40.     After her release, while plaintiff Adela Hernandez was awaiting trial, she remained seized for approximately five months, as she was required to comply with conditions of pretrial release.

41.     The prosecution of plaintiff Adela Hernandez proceeded to a jury trial in the U.S. District Court for the Eastern District of Pennsylvania (United States v. Adela Hernandez, No. 05-CR-047-GP-1).  On May 27, 2005, the jury issued a verdict acquitting plaintiff Adela Hernandez of all charges.

42.     As a direct and proximate result of the conduct of defendants Leung, Marino, Pito, Scully and/or other employees of CBP, plaintiff Adela Hernandez suffered substantial damages, including physical pain and suffering, emotional distress and harm, embarrassment, loss of the enjoyment of life, lost wages, lost liberty, medical costs and expenses, and costs and expenses related to defending against false criminal charges.

43.     As a direct and proximate result of the conduct of defendants Leung, Marino, Pito, Scully and/or other employees of CBP, plaintiff Waldemar Velazquez suffered substantial damages, including physical pain and suffering; embarrassment; loss of the enjoyment of life;

lost liberty; and substantial emotional distress, requiring counseling and treatment, and physical symptoms associated with emotional distress including difficulty sleeping, nightmares, difficulty focusing on daily tasks, changed behavior in school and at home, and inability to perform academically.

44. As a direct and proximate result of the conduct of defendants Leung, Marino, Pito, Scully and/or other employees of CBP, plaintiff Melissa M. Sanchez suffered substantial emotional distress, requiring counseling and treatment, and physical symptoms associated with emotional distress including difficulty sleeping, nightmares, difficulty focusing on daily tasks, changed behavior in school and at home, and inability to perform academically.

45. As a direct and proximate result of the conduct of defendants Leung, Marino, Pito, Scully and/or other employees of CBP, plaintiff Jose J. Sanchez suffered substantial emotional distress, requiring counseling and treatment, and physical symptoms associated with emotional distress including difficulty sleeping, nightmares, difficulty focusing on daily tasks, changed behavior in school and at home, and inability to perform academically.

46. At all times relevant to this Complaint, the conduct of defendants Leung, Marino, Pito, and Scully was in willful, reckless and callous disregard of the plaintiffs' rights under federal and state law.

## V.  CAUSES OF ACTION

### Count I
### Plaintiff Adela Hernandez v. Defendant United States of America
### Federal Tort Claims Act

47. As to plaintiff Adela Hernandez, the actions of defendants Leung, Marino, Pito, Scully and/or other employees of CBP constitute the torts of assault, battery, false arrest, false imprisonment, malicious prosecution, and negligence under the laws of the Commonwealth of Pennsylvania.

48. Under the Federal Tort Claims Act, defendant United States of America is liable to plaintiff Adela Hernandez for these actions.

### Count II
### Plaintiff Waldemar Velazquez v. Defendant United States of America
### Federal Tort Claims Act

49. As to plaintiff Waldemar Velazquez, the actions of defendants Leung, Marino, Pito, Scully and/or other employees of CBP constitute the torts of assault, battery, false arrest, false imprisonment, negligence, and negligent infliction of emotional distress under the laws of the Commonwealth of Pennsylvania.

50. Under the Federal Tort Claims Act, defendant United States of America is liable to plaintiff Waldemar Velazquez for these actions.

### Count III
### Plaintiffs Melissa M. Sanchez and Jose J. Sanchez v. Defendant United States of America
### Federal Tort Claims Act

51. As to plaintiffs Melissa M. Sanchez and Jose J. Sanchez, the actions of defendants Leung, Marino, Pito, Scully and/or other employees of CBP constitute the tort of negligent infliction of emotional distress under the laws of the Commonwealth of Pennsylvania.

52.     Under the Federal Tort Claims Act, defendant United States of America is liable to plaintiffs Melissa M. Sanchez and Jose J. Sanchez for these actions.

### Count IV
### Plaintiff Adela Hernandez v. Defendants Leung, Marino, Pito, and Scully
### Federal Constitutional Claims

53.     The actions of defendants Leung, Marino, Pito, Scully and/or other employees of CBP violated plaintiff Adela Hernandez's right to be free from unlawful arrest, the unreasonable and excessive use of force during an arrest, and malicious prosecution under the Fourth and Fifth Amendments to the United States Constitution.

### Count V
### Plaintiff Waldemar Velazquez v. Defendants Leung, Marino, Pito, and Scully
### Federal Constitutional Claims

54.     The actions of defendants Leung, Marino, Pito, Scully and/or other employees of CBP violated plaintiff Waldemar Velazquez's right to be free from unlawful arrest and the unreasonable and excessive use of force during an arrest under the Fourth Amendment to the United States Constitution.

**Wherefore**, plaintiffs respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Leung, Marino, Pito, and Scully;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

Plaintiffs Adela Hernandez and Waldemar Velazquez hereby demand a jury trial on the claims stated in Counts IV and V.

_____
David Rudovsky
I.D. No. 15168


_____
Jonathan H. Feinberg
I.D. No. 88227

KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

*Counsel for Plaintiff*